OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CHEADLE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CHEADLE
2014 OK 7
Case Number: SCBD-6094
Decided: 02/10/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 7, __ P.3d __

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
GRANT EVAN CHEADLE, Respondent.



ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS
AND WAIVING COSTS.



¶1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for an order approving the Resignation Pending Disciplinary Proceedings executed by Grant Evan Cheadle (Respondent), the application reveals:



1) Respondent, Grant Evan Cheadle, OBA #1634, was admitted to membership in the Oklahoma Bar Association on October 14, 1982. His official OBA roster address is 4202 East Harvard Avenue, Gilbert, AZ 85234. On January 28, 2014, he submitted his affidavit regarding resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) Respondent's affidavit of resignation reflects that he desires to resign and: a) it is freely and voluntarily rendered; b) he is not subjected to coercion and/or duress; c) he is fully aware of the consequences of submitting the resignation; and d) that he is aware the resignation is subject to the approval of the Supreme Court. He also intends the effective date of the resignation to be the date and time of its execution and he will conduct his affairs accordingly.

3) Respondent states in his affidavit that he is aware the Oklahoma Bar Association has investigated specific allegations of professional misconduct, to wit:

DC 13-208: Grievance by Gary Crews. On or about May 30, 2013, Respondent was named as the Successor Trustee in the Revocable Living Trust of Evelyn Baker. Respondent misappropriated a total of $185,500.00 from the brokerage and estate accounts of the Revocable Living Trust in three separate transactions and converted the money to his personal use and benefit. Respondent also transferred mineral interests belonging to the estate to himself. After his misappropriation was discovered, Respondent repaid the estate the full amount of $185,500.00 and executed a Quit Claim Deed transferring the mineral interests back to the estate. Respondent acknowledges that the allegations, if proven, would constitute violations of Rule 1.3, Rule Governing Disciplinary Proceedings (RGDP), 5 O.S. 2001, Ch. 1, App. 1-A, and Rules 1.5, 1.15, and 8.4(a) and (c) of the Oklahoma Rules of Professional Conduct, 5 O.S. 2001, Ch. 1, App. 3-A, and his oath as an attorney.

4) Respondent waives any and all right to contest the allegations.

5) Respondent is aware that, pursuant to Rule 8.1, RGDP, either the approval or disapproval of his resignation is within the discretion of the Supreme Court of Oklahoma.

6) Respondent has agreed to comply with all provisions of Rule 9.1, RGDP, within twenty (20) days following the date of his resignation.

7) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

8) Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. He agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

9) Respondent has surrendered his Bar membership card to the Office of the General Counsel with his resignation.

10) Respondent acknowledges and agrees to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by Respondent.

11) Respondent acknowledges that the OBA has incurred minimal costs in its investigation of the disciplinary complaint and the OBA is not seeking the reimbursement of any costs at this time.



¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Grant Evan Cheadle be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Respondent Cheadle may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Respondent shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the resignation pending disciplinary proceedings of Respondent Grant Evan Cheadle is hereby approved. Costs of the proceeding are waived.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 10TH DAY OF FEBRUARY, 2014.


/S/CHIEF JUSTICE



ALL JUSTICES CONCUR









 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 None Found.